UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RYAN MCKENNA *Plaintiff* | * * | CIVIL ACTION: 1:25-cv-5474 |
| VERSUS | * * * | JUDGE/SECTION: |
| TRILLER, INC., TRILLER GROUP, INC., TRILLER CORP., TRILLER HOLD CO., LLC, TRILLER PLATFORM, CO. and AGBA HOLDING LTD. *Defendants* | * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Andrew Puzyk ("Plaintiff" or "Mr. McKenna"), complaining of Defendants Triller, Inc., Triller Group, Inc., Triller Corp., Triller Hold Co., LLC, and AGBA Holding Ltd. ("Defendants") and for his cause of action, would respectfully show unto this Honorable Court the following:

### I.   PARTIES

1.   Plaintiff Ryan McKenna is, and at all times relevant herein was, a citizen of New York of the full age of majority and a resident of and domiciled in New York County in the State of New York.

2.   Upon information and belief, Defendant Triller, Inc. ("Triller, Inc.") is a Delaware corporation with its principal place of business in California, USA.

3.   Upon information and belief, Defendant Triller Group, Inc. ("Triller Group") is a Delaware corporation with its principal place of business in California, USA.

1

4. Upon information and belief, Defendant Triller Corp. ("Triller Corp.") is a Delaware corporation with its principal place of business in California, USA.

5. Upon information and belief, Defendant Triller Hold Co., LLC ("Triller Hold Co.") is a Delaware LLC owned in whole by Proxima Media, LLC, which is also incorporated in Delaware and owned in whole by Ryan Kavanaugh, a citizen of California.

6. Upon information and belief, Defendant Triller Platform, Co. ("Triller Platform, Co.") is a Delaware corporation with its principal place of business in California, USA.

7. Upon information and belief, Defendant AGBA Group Holding Ltd. ("AGBA") is a British Virgin Islands corporation with its principal place of business in Hong Kong.

## II.   SUBJECT MATTER JURISDICTION

8. Subject Matter Jurisdiction exists in this Court pursuant to 28 U.S.C § 1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

## III.   VENUE

9. Venue is proper in this court under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claim occurred within the Southern District of New York as the promissory note in question was entered into within the Southern District of New York.

10. Venue is further proper in this court under 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in the Southern District of New York as Defendants transacted business in the Southern District of New York and maintained offices in the Southern District of New York.

## IV.   FACTUAL BACKGROUND

11. On or about August 20, 2024, Plaintiff's services as an independent contractor were acquired by Triller Platform, Co.

12. Plaintiff provided services to Triller Platform, Co. pursuant to an independent contractor agreement entered into on August 20, 2024, between Plaintiff and Triller Platform, Co. This agreement provided that Triller would pay to Plaintiff a monthly fee in the amount of $10,416.00 in addition to commission as outlined in that agreement.

13. Thuzio, LLC, a subsidiary of Triller, Inc., executed a promissory note on that same date in which it promised to pay to Plaintiff $151,693.28 reflecting *prior* unpaid commissions in addition to $30,076.87 reflecting un-reimbursed expenses that it already owed to Plaintiff.

14. In that promissory note, Thuzio, LLC promised to make six (6) equal monthly installments on the 5th of each month beginning on August 5, 2024. The entire unpaid principal balance was due on January 5, 2025, without requiring demand or notice.

15. To date, Thuzio, LLC has paid to Plaintiff an amount totaling $89,613.07 of the $181,770.15 owed to Plaintiff.

16. In total, Plaintiff is still owed $92,157.08 pursuant to the August 20, 2024, promissory note.

17. On October 15, 2024, Triller Corp. merged with Defendant AGBA, resulting in the Delaware corporation Triller Group Inc.

18. Defendants, by their nature as successors-in-interest of Thuzio, LLC, are therefore liable to Plaintiff in an amount equaling $92,157.08 in addition to any other damages allowed under law for the purposeful and willing non-payment of wages to an employee.

19. Upon information and belief, Triller Group Inc. is the surviving entity of numerous mergers and acquisitions of the above entities and is responsible for the debts of the above-named entities.

20. Triller Group Inc. is thus indebted to Plaintiff for any and all monies due to him from the entities that have been acquired by Triller Group. Inc.

**WHEREFORE,** Plaintiff, Ryan McKenna, prays that Defendants be duly cited to appear and answer this Complaint, and that after due proceedings be had, there be judgment rendered in his favor and against Defendants, for all damages that he is entitled to recover, together with judicial interest from the date of demand, and for all costs of these proceedings, including any and all expert fees and for all other general and equitable relief.

**Gabbard & Kamel PLLC**

By: **/s/ Jason Gabbard**
Jason D. Gabbard, Esq.
(JG3102)
20 E. 94th Street
New York, New York